Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9387 | **DATE** | May 21, 2002 |
| **CASE TITLE** | Surgicore, Inc. v. Principal Life Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum and opinion order, this Court GRANTS Principal's motion to dismiss the state law claims in the Amended Complaint, Counts VI through X, and DENIES the motion to dismiss the ERISA claims, Counts I through V [13-1].

(11) ■ [For further detail see attached memorandum and opinion order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 2 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| mds(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SURGICORE, INC., | ) |
|         Plaintiff, | ) No. 01 C 9387 |
| v. | ) HONORABLE DAVID H. COAR |
| PRINCIPAL LIFE INSURANCE CO., | ) |
|         Defendants. | ) |

DOCKETED
MAY 2 2 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Surgicore, Inc. ("Surgicore") filed a 10-count Amended Complaint, based on assignment of benefits, seeking relief for unpaid or underpaid medical bills from the Defendant, Principal Life Insurance Company ("Principal"). Counts I through V seek relief pursuant to the Employee Retirement Income Security Act ("ERISA"), and Counts VI through X are state-law claims seeking relief under Article 9 of the Illinois' Uniform Commercial Code. Before this Court is Principal's motion to dismiss Surgicore's complaint. For the reasons stated below, this Court GRANTS in part and DENIES in part Principal's motion to dismiss.

### I. Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. Such a motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Delgado v. Jones, 282 F.3d 511, 515 (7th Cir. 2002). In ruling on the motion to dismiss, this

Court not only accepts as true all well-pleaded factual allegations in the complaint, but it also draws all reasonable inferences from those facts in favor of the plaintiff. First Ins. Funding Corp. v. Fed. Ins. Co., 284 F.3d 799, 804 (7th Cir. 2002) (citing Tobin for Governor v. Ill. State Bd. of Elections, 268 F.3d 517, 521 (7th Cir. 2001). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts that sufficiently set forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In considering a Rule 12(b)(6) motion to dismiss, this Court is limited to the pleadings themselves. Documents incorporated by reference into the pleadings or attached as exhibits are considered part of the pleadings for all purposes. Fed. R. Civ. P. 10(c). Further, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to the plaintiff's claim. Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

## II. Background

The following facts are taken from the Amended Complaint. Surgicore is an Illinois corporation that is engaged in the business of providing out-patient surgical facility and services to patients and their referring doctors. Principal is an Iowa corporation authorized by the State of Illinois to issue individual and group health insurance policies to individuals and employers in the State of Illinois. In the Amended Complaint, Surgicore identifies five patients for whom it provided surgical facility services, and each of these patients allegedly was a participant of one of Principal's Health Benefits Plans, referred hereinafter generically as the "Plan." Surgicore alleges that, in consideration for medical services, each patient assigned his or her benefits under the Plan to Surgicore. In support, Surgicore has attached copies of the purported assignment

agreements (the "Agreements") executed by each Plan Participant to its Amended Complaint. The Agreements are identical and state:

> AUTHORIZATION TO RELEASE INFORMATION
> ASSIGNMENT OF BENEFITS
> I hereby authorize the release of any medical information necessary to process insurance claims. I also hereby authorize payment directly to Surgicore, Inc. for the insurance benefits otherwise payable to me. I understand I am financially responsible for charges not covered by this authorization.

For each patient, Principal denied all or part of each claim, and there remains a total balance due of $22,133.35. Surgicore exhausted Principal's appeal process and filed suit in Illinois state court, which was then removed by Principal to this Court; Surgicore subsequently amended its complaint. Relying on the Agreements, Surgicore claims in Counts I through V that it is entitled to benefits under the respective Plans as an assignee under 29 U.S.C. § 1132(a)(1)(B). Counts VI through X are also based on these Agreements and are brought under Illinois statute, 810 ILCS 5/9-607(d), to recover a "Security Interest in a Healthcare Receivable" from the Plans as an assignee pursuant to Illinois law.

### III. Discussion

Principal moves to dismiss Surgicore's Amended Complaint. First, Principal argues that the Agreements upon which Surgicore relies are not valid and enforceable assignments under the law and Surgicore therefore lacks standing to seek benefits under ERISA and the Illinois statute. In the alternative, Principal argues that this Court should dismiss Surgicore's state law claims in Counts VI through X because these claims are completely preempted by ERISA. In the other alternative, Principal argues that, at a minimum, this Court should dismiss Surgicore's claims in Counts II and IV against Principal relative to the Smith and McPherson Plan Participants because

Principal is not the Plan or a fiduciary for the Plans at issue in these Counts, and is therefore not a proper defendant to those claims. This Court addresses each argument in turn.

*A. Surgicore's Standing as an Assignee*

To bring a claim to recover benefits under ERISA, a plaintiff must be a "participant" in or "beneficiary" of an employee welfare benefit plan, 29 U.S.C. § 1132(a)(1)(B). Health care providers, like Surgicore, have standing to sue the insurer of the plan under 29 U.S.C. § 1132(a)(1)(B) providing it is a proper assignee of the insured. See Kennedy v. Conn. Gen. Life Ins. Co., 924 F.2d 698, 701 (7th Cir. 1991); Lutheran Gen. Hosp., Inc. v. Printing Industry of Illinois/Indiana Employee Benefit Trust, 24 F. Supp. 2d 846, 849 (N.D. Ill. 1998); DeBartolo v. Wal-mart Stores, Inc., et al., No. 01 C 5940, 2002 WL 338878, at *4 (N.D. Ill. Mar. 4, 2002). While there are no specific words that constitute a valid assignment, the words of the agreement must show the parties' intention to transfer an actionable right to reimbursement for valuable consideration. Loyola Univ. Medical Ctr. v. MedCare HMO, 535 N.E.2d 1125, 1128 (Ill. App. 1989); see also Columbus, et al. v. The Travelers Ins. Co., 725 F. Supp. 396, 397 (N.D. Ill. 1989) citing McHenry v. Met. Life Ins. Co., 578 F. Supp. 122, 125 (N.D. Ill. 1983) (holding that whether an assignment of contract rights has occurred depends on the intent of the parties and not on the form of any words).

Relying chiefly on Robert S. Pinzur, Ltd. v. Hartford, 511 N.E.2d 1281 (Ill. App. 1987), Principal argues that Surgicore does not have standing as an assignee because the Agreements are not valid assignments, rather they are no more than direct payment and record release authorizations. This Court disagrees.

-4-

In Pinzur, the contract that the plan provider executed with her health care provider contained the following clause:

INSURANCE ASSIGNMENT

I hereby authorize payment to Mease Hospital and Physicians of the proceeds payable under the terms of the policy submitted to Mease Hospital and Clinic in satisfaction of my bill.

511 N.E.2d at 1283. In addition, there was a "Financial Agreement" clause in which the plan participant agreed to "individually obligate[] himself to pay the account of the hospital in accordance with the regular rates and terms of the hospital." Id. at 1285. When the balance was due, the hospital sent billing notices and collection warnings to the plan participant and not the insurer, and it was the plan participant who eventually sued the insurer. Id. The court held that because the contract contained no evidence of consideration and because the hospital took no legal steps to collect from the insurer, the parties did not intend to create an assignment. Id. at 1285-86.

Unlike Pinzur, the contract and actions of the parties in this case clearly show an intent to assign benefits. First, Surgicore's assignment form, whose title contains "Assignment of Benefits," specifically provides that the patient will be liable only for amounts not paid by Principal.[1] Second, the Amended Complaint specifically alleges that the assignment was in consideration for medical services. This Court is unpersuaded by Principal's argument that the Agreements must contain words within their four corners to indicate that alleged treatment or services were rendered "in consideration for" the assignment of benefits; such an argument flies

---

[1] Indeed, the Pinzur court itself noted, "had the parties intended an assignment it seems that it would have been appropriate to make [the patient] directly responsible only for any amount not covered by insurance. Id. at 1285.

squarely in the face of established case law.[2] In fact, as the McHenry court noted, "mechanisms for direct payment to providers of health care should be encouraged and facilitated in the interest of insureds, the providers and the insurance industry as well. Treating these authorization forms as assignments would appear to accomplish this result and to be consistent with the Illinois law of assignments." 578 F. Supp. at 124-25. Principal's motion to dismiss the Amended Complaint on standing grounds is therefore DENIED.

## B. Preemption of State Law Claims

Principal seeks dismissal of Surgicore's claims (Counts VI through X) that, as assignee, it is entitled to enforce the rights to recover "health care insurance receivables" under the Plans from Principal pursuant to newly amended Illinois statute 810 ILCS 5/9-607(d). "Health-care-insurance receivable" is defined as "an interest in or claim under a policy of insurance which is a right to payment of a monetary obligation for health-care goods or services provided." 801 ILCS 5/9-102(46). Surgicore argues that the primary effect of this statute on this issue is that, when an individual assigns a right to payment under an insurance policy to the person who provided health-care goods or services, the provider has no need to file a financing statement against the individual. Thus, the question is whether this statute, as it pertains to healthcare receivables from an employee welfare benefit plan, is preempted by ERISA. This Court finds that it is.

---

[2] See Lutheran Gen. Hosp., Inc. v. Printing Industry of Ill./Ind., 24 F. Supp.2d at 849-50 (holding the signing of a "Authorization For Payment of Hospital Services" form with similar language a sufficient assignment of benefits); Lutheran Gen. Hosp., Inc. v. BCI HMO, Inc., No. 95 C 5936, 1997 WL 282944, at *3 (N.D. Ill. May 12, 1997) (same); see also Columbus, et al., 725 F. Supp. at 397 citing McHenry, 578 F. Supp. at 125 (holding that whether an assignment of contract rights has occurred depends on the intent of the parties and not on the form of any words); Cf. Loyola Univ. Med. Ctr., 535 N.E.2d at 1128 (holding a clause containing the words "assignment of benefits for and in consideration of hospital care" constituted a valid assignment). In addition, courts have "cast doubt on the reasoning of Pinzur and have found language similar to [the consent form in question] to constitute a valid assignment." Lutheran Gen. Hosp., Inc. v. BCI HMO, 1997 WL 282944, at *4 citing Loyola Univ. Med. Ctr., 535 N.E.2d at 1128.

It is well established that employee welfare benefit plans are governed by ERISA; state law causes of action that "relate to" employee welfare benefit plans are therefore preempted by ERISA. 29 U.S.C. § 1144(a); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987). A law "relates to" an employee benefit plan if it (1) has a connection with or (2) reference to such a plan. California Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 324 (1997) (citations omitted). Where a state law "acts immediately and exclusively upon ERISA plans . . . or where the existence of ERISA plans is essential to the law's operation . . . that 'reference' will result in preemption." Id.

Here, the Illinois law upon which Surgicore relies has a "connection with" the ERISA plans at issue, and therefore, the ERISA preemption provision applies. Article 9 governs secured transactions generally, and the text of the statute does not specifically refer to ERISA plans. As Surgicore concedes in its response brief, however, the Article 9 provision as applied in this particular issue "was intended only to concern the healthcare provider's 'right to payment' in order to *legislate direct payment of insurance proceeds from the insurance companies to healthcare providers* for the patient's convenience and benefit." Resp. Br. at 6 (emphasis added).[3] Because the state law at issue seeks to shift control over benefit distribution, the law "interferes with the administration of [a plan]." DeBartolo, 2002 WL 338878, at *3 (citations omitted); see also Egelhoff v. Egelhoff, 532 U.S. 141, 148 (2001) (stating that payment of benefits is a "central matter of plan administration"). Thus, ERISA preempts these state law

---

[3] In support, Surgicore cites 29 U.S.C. §1144(b)(2)(A) for the proposition that "state regulation of insurance is not preempted." The Supreme Court in Pilot Life, however, specifically noted that ERISA's "deemer clause" (§1144(b)(2)(B)) provides that no employee benefit plan shall be deemed to be an insurance company for purposes of any state law "purporting to regulate insurance." 481 U.S. at 45; see also Met. Life Ins. Co., 481 U.S. at 733.

-7-

claims and this Court GRANTS Principal's motion to dismiss Counts VI through X of the Amended Complaint.

*C. Counts II and IV*

Principal argues that Counts II and IV of the Amended Complaint should be dismissed because it is not the proper party defendant since the named individuals in those counts are enrolled in self-funded plans, of which Principal is neither the Plan nor a fiduciary. Surgicore counters that dismissal at this stage is premature because it has alleged sufficient facts that create an inference that Principal "made substantive decisions that affect the management and disposition of any underlying plan's assets," which would make Principal a fiduciary.[4] This Court agrees. Contrary to Principal's contention, that its role in the subject plans was merely "clerical, mechanical and ministerial," that "fact" is not evident from the face of the plan documents. Even if the plan documents provide that Principal should have that limited role, whether or not it performed in that manner cannot be resolved from the pleadings. Principal's motion to dismiss Counts II and IV of the Amended Complaint is therefore DENIED.

---

[4] 29 U.S.C. § 1002(21)(A) provides in pertinent part that "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

## III. Conclusion

For the foregoing reasons, this Court GRANTS Principal's motion to dismiss the state law claims in the Amended Complaint, Counts VI through X, and DENIES the motion to dismiss the ERISA claims, Counts I through V.

**Enter:**

*[signature]*

David H. Coar
United States District Judge

**Dated: May 21, 2002**